ROSE M. MERRILL *vs.* INHABITANTS OF REVERE.

Essex.    March 11, 12, 1912. — April 1, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Saugus. Revere. Water Rates.*

Under the provisions of St. 1904, c. 457, § 1, that the town of Revere might supply with water itself and its inhabitants and such inhabitants of the town of Saugus as then were supplied or might thereafter "make application to be supplied with

water under the provisions of" St. 1889, c. 382, § 7, and that it might "regulate the use of such water and fix and collect rates to be paid for the use of the same," the town of Revere was given full and unqualified power to fix the rates to be paid for water furnished to inhabitants of Saugus and was not bound by the provision of St. 1889, c. 382, § 7, to the effect that the Revere Water Company, incorporated by that statute, if it supplied water to inhabitants of Saugus, must not charge rates in excess of those paid in the city of Lynn.

CONTRACT for money paid to the defendant by the plaintiff under protest for water furnished to the plaintiff's house in Saugus, the plaintiff contending that the rate charged her was in excess of the rate charged in the city of Lynn, which, she alleged, was the rate which she should have been charged. Writ dated January 5, 1910.

In the Superior Court the case was tried before *Bell,* J., who, after receiving answers to special questions submitted to the jury, which now are not material, ordered a verdict for the plaintiff for $87.05, and at the request of the defendant reported the case for determination by this court.

Other facts are stated in the opinion.

*S. R. Cutler,* for the defendant.

*R. W. Reeve,* for the plaintiff.

RUGG, C. J. The plaintiff seeks to recover money paid for water furnished by the defendant for her house in Saugus. She has established her right to recover except upon the single point whether the defendant was bound to provide her with water at the same rate charged by the city of Lynn. The decision of this question involves the interpretation of several statutes.

In 1887 the town of Saugus and the city of Lynn entered into a contract by which the city agreed to furnish water to the persons within the town at the rates established for water takers in the city. These rates for houses like that of the plaintiff have remained unchanged. The Revere Water Company was incorporated by St. 1889, c. 382, section 7 of which provided that it might furnish water to the inhabitants of Saugus for domestic and other purposes, upon application made through its board of selectmen, for which equitable compensation should be paid not to "exceed the rates now paid by said Saugus under its present contract with the city of Lynn." At a town meeting of Saugus in 1892, upon a sufficient article in the warrant it was voted that "the Revere Water Company is granted permission to supply water to such in-

habitants as live on the line of their water main . . . with the right of charging said takers a tariff not exceeding the water rates paid to the city of Lynn. . . ." Thereafter upon proper application the Revere Water Company supplied the plaintiff with water. The town of Revere acquired the property, rights and privileges of the Revere Water Company (with exceptions not here material) pursuant to St. 1904, c. 457, section 1 of that act providing that "The town of Revere may supply itself, its inhabitants and such inhabitants of the town of Saugus as are now supplied with water or may hereafter make application to be supplied with water under the provisions of section seven of chapter three hundred and eighty-two of the acts of the year eighteen hundred and eighty-nine, with water for the extinguishment of fires and for domestic and other purposes, . . . and may regulate the use of such water and fix and collect rates to be paid for the use of the same." In 1906 and in succeeding years the town of Revere charged to the plaintiff a rate in excess of that charged by the city of Lynn. Did it have a right to do so?

It is not necessary to determine whether the Revere Water Company began and continued its supply of water to the plaintiff precisely in accordance with the terms of its charter and the general law, for the reason that § 1 of St. 1904, c. 457, recognizes the status of certain inhabitants of Saugus as takers of water, and it confers upon the defendant the right to supply other inhabitants of Saugus who make application to be supplied under § 7 of St. 1889, c. 382. This is not susceptible of a perfectly simple interpretation. But the more reasonable construction seems to be that reference is made to the earlier act only for the method of making application and not for determining the price. The significant words of § 1 of the later act are the concluding ones, which clothe the defendant with power to "regulate the use of such water and fix and collect rates to be paid for the use of the same." It is plain that the right "to regulate the use of such water" must refer to the water used in Saugus as well as to that used in Revere. "Such water" and "the same" water can refer grammatically and legally only to the last antecedent, which is that which it is authorized to supply both to its own inhabitants and to the inhabitants of Saugus. The jurisdiction to fix rates as described in this section is general, unqualified and absolute, and not re-

stricted to the inhabitants of Revere. This language does not manifest a legislative intent to make an exception to the general power to fix rates by continuing the rates provided by the earlier statute for the existing water takers in Saugus and for those who may hereafter become takers in that town. Additional words would be needed to express such an intent. A reason for this may be found in the circumstance that the necessity for protection to the users in Saugus, when supplied by a private water company organized for profit and with no public supervision of its charges, against excessive rates as compared with those of Lynn, vanishes when the property is taken over by a town whose rates are restricted by law.

This conclusion is confirmed by other considerations. The defendant by St. 1904, c. 457, was to take water from the metropolitan water supply, and the prices to be charged for water so supplied became a matter of general interest. By § 10 of the same act the rents for the use of water must be such as to produce not· more than a fixed maximum there set forth. This has a tendency to indicate uniformity among takers of the same class and not a difference based only on geographical conditions. St. 1907, c. 524, is entitled " An Act to prevent waste of water in cities and towns supplied from the sources or works of the Metropolitan Water District." Section 1 requires all cities, towns or districts supplied in whole or in part from the metropolitan water sources to equip with water meters all new services thereafter installed, and a percentage of its old ones each year; and to " charge each consumer in proportion to the amount of water used." The exception which the plaintiff seeks to establish touching users of water in Saugus, based on reference to § 7 of St. 1889, c. 382, cannot stand against these inclusive, clear, general provisions enacted for the preservation of water from waste and for uniformity in its use and sale, and the unequivocal grant to the defendant of power to fix rates for all takers of water.

*Judgment for the defendant.*